IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LATASHA MYATT | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | No. 19-130 |
| CATHEDRAL VILLAGE | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                          **May 29, 2019**

Plaintiff Latasha Myatt brings this employment action against her former employer Defendant Cathedral Village (Cathedral) pursuant to the Americans with Disabilities Act (ADA), Pennsylvania Human Relations Act (PHRA), and Family and Medical Leave Act (FMLA).[1] Myatt alleges Cathedral discriminated and retaliated against her, and subjected her to a hostile work environment due to a workplace hand injury that placed her on light duty for four months. Myatt further alleges Cathedral interfered with her ability to take, and retaliated against her for requesting, FMLA leave to obtain physical therapy for her hand injury. Cathedral now moves to dismiss these claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Cathedral's motion will be granted in part and denied it in part.

**BACKGROUND**[2]

Cathedral employed Myatt as a Certified Nursing Assistant. On November 21, 2017, Myatt suffered an injury to her hand while working, which impacted her ability to grasp and grip objects.

---

[1] Myatt also brings a claim for common law wrongful termination, but this claim is not subject to Cathedral's instant motion to dismiss.

[2] Except where noted, the facts set forth in this Memorandum are drawn from the allegations in the Amended Complaint and are construed in the light most favorable to Myatt. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

On November 24, 2017, Worknet, an occupational medicine provider, took an x-ray of Myatt's hand. As a result of the injury, Myatt took a month long leave of absence from her position at Cathedral and began attending physical therapy.

Myatt returned to work in December 2018 and was placed on light duty with a ten-pound weight lifting restriction. On December 28, 2017, Myatt's scheduler and Cathedral's human resources manager told Myatt she could not attend her physical therapy appointments for her hand if she could not make it to her scheduled shifts on time.[3] Around January 2018, Cathedral told Myatt she needed to have her doctor remove her from light duty. Myatt's coworkers also informed Myatt that her scheduler said she needed to be working at all times and pushing residents around the dining hall—an activity which involved pushing wheelchairs weighing more than ten pounds.

In February 2018, upon her arrival to work, Myatt received multiple "write ups" for arriving late to work. Myatt relayed to Cathedral's Director of Nursing her lateness on one or more occasions was a result of her scheduled physical therapy appointments for her hand. The Director "essentially accused [Myatt] of lying," Am. Compl. ¶ 34, stating it did not take as long as Myatt alleged to get from Worknet to Cathedral and printed out "Mapquest" directions, *id.* ¶ 36. In response, Myatt stated she sometimes used public transportation, which took longer than the Mapquest directions the Director provided.

On March 12, 2018, Myatt returned to full duty without a weight lifting restriction.[4] On this day, Myatt's scheduler allegedly told Myatt, "don't trip over [your] feet and end up back at Worknet placed on light duty for months." *Id.* ¶ 39. On April 12, 2018, Myatt filed a charge with

---

[3] The Amended Complaint does not name or otherwise identify Myatt's scheduler or Cathedral's human resources manager.

[4] Although Myatt returned to full duty without any restriction, Myatt's alleges her hand may require surgery in the future.

the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission alleging discrimination and retaliation. In September 2018, Cathedral Village terminated Myatt's employment.

On October 11, 2018, Myatt received a Notice of Right to Sue letter from the EEOC. On January 9, 2019, Myatt filed the above-captioned case alleging disability discrimination, retaliation, and hostile work environment claims under the ADA and PHRA. Myatt further asserts Cathedral interfered with her ability to take, and retaliated against her for requesting, FMLA leave to attend her physical therapy appointments. On February 12, 2019, Cathedral moved to dismiss Myatt's Complaint for failure to state a claim. In response, on February 27, 2019, Myatt filed an Amended Complaint. On March 13, 2019, Cathedral moved to dismiss the Amended Complaint again for failure to state a claim. Cathedral's motion is now ripe for disposition.

**DISCUSSION**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "is not akin to a 'probability requirement,'" the complaint must support "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint which "pleads facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). In evaluating a complaint's sufficiency under these standards, a court must first "tak[e] note of the elements a plaintiff must plead to state a

claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675). Next, the court should "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where there are well-pleaded allegations, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Cathedral first moves to dismiss Myatt's discrimination and hostile work environment claims pursuant to the ADA and PHRA in Counts I and II, alleging Myatt's hand injury does not qualify as a disability.[5] To establish prima facie cases of disability discrimination and hostile work environment, the plaintiff must establish she was disabled under the ADA.[6] *See Turner v. Hershey*

---

[5] Prior to the enactment of the ADA Amendments Act (ADAAA) in 2008, courts construed the ADA and PHRA coextensively. *See, e.g.*, *Kelly v. Drexel Univ.*, 94 F.3d 102, 106 (3d Cir. 1996). However, the ADAAA adopted a less restrictive definition of "disability," which has caused some courts to question the relationship between the federal and state statutes because Pennsylvania has not made any parallel amendments to the PHRA or regulations interpreting the PHRA adopting the ADAAA's definition. *See, e.g.*, *Rocco v. Gordon Food Serv.*, 998 F. Supp. 2d 422, 428 (W.D. Pa. 2014) (collecting cases and noting the PHRA may no longer be coextensive with the ADA due to the ADAAA's "more relaxed" standard but declining to decide the issue).

Nevertheless, in at least one instance, the Pennsylvania Commonwealth Court determined the ADA and the PHRA remain coextensive. *See Lazer Spot, Inc. v. Pa. Human Relations Comm'n*, No. 459 C.D. 2017, 2018 WL 670621, at *4-5 (Pa. Commw. Ct. Feb. 2, 2018) (noting "Pennsylvania courts generally interpret the PHRA in accordance with its federal counterparts" and determining "'disability' is substantially the same" under both statutes). Because of the lack of guidance on this issue from the Pennsylvania Supreme Court or the Third Circuit, and the parties having not briefed the issue, the Court will assume, for the purposes of this Memorandum, that the ADAAA and PHRA are coextensive and only refer to the ADA in its analysis. If pertinent to the disposition of this case, the parties may raise this issue at a later time.

[6] As discussed in a later footnote, Cathedral also challenges whether Myatt suffered an adverse employment action—an additional element required to establish prima facie cases of disability discrimination and hostile work environment. *See Turner*, 440 F.3d at 611; *See Lowenstein*, 820 F. Supp. 2d at 646-47. However, because Cathedral only argues Myatt cannot establish she was disabled under the ADA or suffered an adverse employment action, the Court does not address the additional elements required to state prima facie cases of disability discrimination and hostile work environment.

*Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006) (stating a plaintiff must establish a disability under the ADA to plead a prima facie case of disability discrimination); *See Lowenstein v. Catholic Health E.*, 820 F. Supp. 2d 639, 646–47 (E.D. Pa. 2011) (citing *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999)) (stating a plaintiff must establish a disability to plead a prima facie hostile work environment claim). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Myatt asserts she was disabled under the ADA because (1) she had an "actual disability," i.e., her hand injury was a physical impairment that substantially limited her ability to grasp and grip objects; and (2) Cathedral "regarded her as" having a such an impairment.[7] Cathedral argues Myatt is not protected under the ADA because she merely had a "temporary, non-chronic impairment of short duration." Mot. to Dismiss 6. Specifically, Cathedral maintains Myatt's hand injury resulting in four months of light duty is not a disability as a matter of law, and her contention that she might need surgery in the future does not render her temporary injury a disability.

Initially, Cathedral's temporary, non-chronic impairment argument does not apply to Myatt's discrimination and hostile work environment claims insofar as she asserts had an "actual disability." In 2008, Congress passed the ADA Amendments Act (ADAAA), which modified the ADA "to make it easier for people with disabilities to obtain protection" under the statute. 29

---

[7] In the Amended Complaint, Myatt also claims she had a "record of" of her hand injury substantially limiting her ability to grasp and grip objects. However, the Amended Complaint provides no facts in support of this assertion and the Court will therefore not address it.

C.F.R. § 1630.1(c)(4). The ADAAA did not change the definition of disability but changed its interpretation and application.

Applicable to the instant case was the ADAAA's modification of whether a temporary, non-chronic injury could qualify as a protected "disability." Prior to the ADAAA, a "transitory and minor" injury, i.e., an injury with an actual or expected duration of six months or less, was not considered a protected disability. *See, e.g.*, *Rinehimer v. Cemcolift*, 292 F.3d 375, 380 (3d Cir. 2002) ("[A] a temporary, non-chronic impairment of short duration is not a disability covered by the ADA."). However, the ADAAA modified the ADA to provide that "[t]he six-month 'transitory' part of the 'transitory and minor' exception to 'regarded as' coverage" would no longer apply to "actual disability" claims. 42 U.S.C. § 12102(3)(B).

As a result of the ADAAA, Myatt's disability discrimination and hostile work environment claims may proceed pursuant to an "actual disability" theory if she has alleged her hand injury substantially limited one or more of her major life activities, even though it only lasted for four months. *See Canfield v. Movie Tavern, Inc.*, No. 13-3484, 2013 WL 6506320, at *4-5 (E.D. Pa. Dec. 12, 2013) (determining the ADAAA does not preclude "actual disability" claims based on temporary injuries and finding "the pertinent inquiry is whether Plaintiff's injury substantially limits his ability to lift"). Myatt has satisfied this requirement as she has pled her hand injury constituted a physical impairment and substantially limited her ability to grasp and grip objects, and lift more than ten pounds. *See id.* (denying employer's motion to dismiss where plaintiff alleged his doctors "restricted him from performing work that required him to bend over, twist his torso, or lift any weight over ten pounds" and he was only placed on light duty for two months).

Cathedral argues that, despite the enactment of the ADAAA, the temporary, non-chronic remains exception remains a bar to Myatt's claims. Cathedral relies on *Eshleman v. Patrick*

6

*Industries, Inc.*, No. 17-4427, 2019 WL 632026, at *1, (E.D. Pa. Feb. 14, 2019), and *Sampson v. Methacton School District*, 88 F. Supp. 3d 422 (E.D. Pa. 2015)—two post-ADAAA cases—to demonstrate that temporary, non-chronic injuries remain unprotected by the ADA. Cathedral's reliance on these cases is misplaced. Both *Eshleman* and *Sampson* dealt with cases where the plaintiff only alleged discrimination based on a "regarded as" theory, which the ADA continues to prohibit post-ADAAA. *See* 42 U.S.C. § 12102(3)(B) (stating "transitory and minor" impairments are not considered disabilities under the "regarded as" standard). However, neither plaintiff in *Eshleman* nor *Sampson* alleged an "actual disability," which the ADAAA does not prohibit and Myatt alleges here. *Eshleman* and *Sampson* are therefore inapplicable to this matter insofar as Myatt alleges she had an "actual disability."

Nevertheless, Myatt's discrimination and hostile work environment claims may not proceed on a "regarded as" theory because her hand injury and impairment lasted less than six months. *See, e.g.*, *Sampson*, 88 F. Supp. at 437-38 (finding plaintiff's knee injury, which required surgery and lasted for approximately six months, insufficient to establish a claim for disability discrimination pursuant to a "regarded as" theory). Further, Myatt's allegation that her hand may need surgery in the future does not allow her to proceed on a "regarded as" theory. *See Eshelman*, 2019 WL 632026, at *4 (finding plaintiff's allegation that he would need to have surgery to determine if a nodule found in his chest was cancerous did not change the fact that his upper respiratory infection was a "transitory and minor" pursuant to a "regarded as" theory).

In sum, Myatt's discrimination and hostile work environment claims pursuant to the ADA and PHRA in Counts I and II survive insofar as Myatt alleges she had an "actual disability," but these claims will be dismissed with prejudice to the extent Myatt claims Cathedral "regarded her

as" disabled because they fail as a matter of law and any amendment would be futile.[8] While Myatt's "actual disability" claims survive Cathedral's motion to dismiss, the Court notes they do so by the skin of their teeth. As pled in the Amended Complaint, Myatt's theory of "actual disability" at this stage is tenuous at best. The Amended Complaint contains the barest of allegations sufficient to survive the motion to dismiss stage, and Myatt faces a *substantial burden* in proving her hand injury constituted an "actual disability."

Cathedral next moves to dismiss Myatt's retaliation claim under the ADA and PHRA in Count II. To set forth a prima facie claim of retaliation under the ADA, an employee must demonstrate (1) she engaged in a protected activity, i.e., requesting a reasonable accommodation; (2) she suffered an adverse employment action; and (3) a causal connection between the two events. *See, e.g., Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004). An employee need not have a qualifying disability to bring a retaliation claim, *see Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010), rather, she only needs a "reasonable, good faith belief that [she] was entitled to request [a] reasonable accommodation." *Id.* (citing *Williams*, 380 F.3d at 759 n.2).

Cathedral contends Myatt cannot meet this standard because she has not pled any facts demonstrating she had a reasonable, good faith belief she was entitled to an accommodation. In support, Cathedral relies on *Isley v. Aker Philadelphia Shipyard Inc.*, 191 F. Supp. 3d 466, 470 (E.D. Pa. 2016), which held an employee with temporary finger injury had no good faith belief he

---

[8] Cathedral also argues Myatt cannot establish she suffered an adverse employment action because she was not terminated from her position at Cathedral. In support of this argument, Cathedral notes that, in her original Complaint, Myatt only alleged Cathedral gave her written warnings for lateness when she arrived at work in February 2018, but in her Amended Complaint, Myatt claims Cathedral terminated her employment. *See* Mot. to Dismiss 6 n.3. Because Cathedral attacks the veracity of Myatt's allegations and the Court is constrained to taking the facts in the Amended Complaint as true, the Court may not consider Cathedral's argument at this stage.

8

was entitled to an accommodation. Myatt contends *Isley* is distinguishable because the employee returned to work the same day without accommodation.

The Court agrees *Isley* is distinguishable. In *Isley*, the plaintiff hurt his finger at work, informed management, and returned to work the same day. 191 F. Supp. 3d at 468-69. Several days later, the plaintiff's finger injury worsened and he took a leave of absence, initiated a workers' compensation claim, and was terminated after refusing a required drug test. *Id.* at 46. In contrast, Myatt injured her finger, took a month long leave of absence after a Worknet evaluation, and when she returned, was placed on light duty with a ten-pound weight restriction for four months. Furthermore, there is nothing in the Amended Complaint suggesting Myatt did not have a good faith belief she was entitled to a reasonable accommodation based on her hand injury. Thus, Cathedral's reliance on *Isley* is misplaced and Myatt's retaliation claim survives.[9] *See Merit v. Se. Pa. Transit Auth.*, 315 F. Supp 2d 689, 705 (E.D. Pa. 2004) (finding plaintiff's request for a "location accommodation" was made in good faith where there were no allegations to the contrary).

Last, Cathedral moves to dismiss Myatt's FMLA claims in Count III. Myatt brings FMLA claims for interference and retaliation. An interference claim arises when an employer denies an employee a benefit to which she was entitled to under the FMLA, such as medical leave. *See Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2004). In contrast, a retaliation claim under the FMLA arises when an employee invokes her right to FMLA-qualifying leave and the employer takes an adverse employment action against the employee for invoking that right. *See Lichtenstein v. Univ.*

---

[9] The Court notes the Amended Complaint does not detail to whom Myatt made her accommodation request. Taking the facts in the light most favorable to her, the fact that Myatt received an accommodation supports the reasonable inference she requested one. To succeed on her claim, however, Myatt will have to provide proof of her request.

*of Pitt. Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012) (citing *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508-09 (3d Cir. 2009)). Both types of claims require a plaintiff to establish that she invoked her right to FMLA qualifying leave. *See Ross*, 755 F.3d at 191-92 (stating an employee must invoke her right to FMLA leave to bring an interference claim); *See Lichtenstein*, 691 F.3d at 301-02 (stating an employee must invoke her right to FMLA leave to bring an retaliation claim). While there are "no magic words" an employee must use to invoke her right to FMLA leave, *Braden v. Cty. of Wash.*, 749 F. Supp. 2d 299, 307 (W.D. Pa. 2010), she must provide her employer with "practicable" notice of her intent to take leave, 29 U.S.C. § 2612(e)(2).

Cathedral argues Myatt's FMLA claims fail because she failed to establish she invoked her right to FMLA qualifying leave, and the Court agrees. The only allegations relating to Myatt's FMLA claims include (1) her scheduler and Cathedral's human resources manager stating she could not attend her physical therapy appointments if she could not make it to her scheduled shift on time and (2) that Cathedral knew, or should have known, her physical therapy appointments were covered under the FMLA. *See* Am. Compl. ¶ 26-27. The Amended Complaint is devoid of facts demonstrating Myatt ever invoked her right to leave by providing Cathedral with the requisite practicable notice of her physical therapy appointments. *See, e.g.*, *Jacobs v. York Union Rescue Mission, Inc.*, No. 12-288, 2013 WL 433327, at *4 (M.D. Pa. Feb. 5, 2013) (dismissing FMLA claim where the plaintiff failed "to set forth any facts or allegations regarding the substance and form of [the] notice" even though "one may imply that there were communications between [the parties] regarding the plaintiff's need for medical leave"). Accordingly, Myatt fails to state claims for retaliation and interference under the FMLA. However, because the deficiencies with regard to her FMLA claims are factual deficiencies which may be cured through amendment, Myatt's FMLA claims in Count III will be dismissed without prejudice.

**CONCLUSION**

For the reasons set forth above, Cathedral's motion to dismiss will be granted in part and denied in part.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.